

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 21, 1962

Mrs. Bess Blackwell
Executive Secretary
State Board of Hairdressers
 and Cosmetologists
Austin, Texas

Dear Mrs. Blackwell:

Opinion No. WW-1513

Re: Whether the students in a
     cosmetology department in
     a Vocational High School
     are eligible to work on the
     public for a fee or other
     compensation.

You have requested an opinion from this office upon the question of whether, pursuant to Article 734b, Vernon's Penal Code, students in the Cosmetology Department of a Vocational High School are eligible to work on the public for a fee or compensation.

It is our understanding that many of the Public Vocational Schools have Cosmetology Departments, have complied with the provisions of Section 5 of Article 734b, and are therefore eligible to operate as a school of beauty culture. It is our further understanding that the graduates of these Cosmetology Departments of Public Vocational Schools are eligible for licensure by the State Board of Hairdressers and Cosmetologists if such graduates meet the requirements of licensure as set forth by Section 4 of Article 734b.

Section 5 of Article 734b pertains to the prerequisites of operating a school of beauty culture, and, in addition, sets forth certain conditions and requirements which must be met and adhered to by anyone desiring to conduct a school of beauty culture. Section 5(e) of Article 734b provides that:

"No school shall be permitted to charge for work done by any student who has not completed fifty per cent (50%) of the required number of hours, as provided for in Section 5, Subsection (b); and no school shall be permitted to charge for work done by licensed instructors."

Section 5(a) of Article 734b provides in part that:

". . . Provided, however, that the requirements as to floor space, type of building, bond

requirement and number of licensed instructors shall not apply to Public Vocational Schools."

The above quoted provision found in Section 5(a) of Article 734b indicates that the Cosmetology Departments of Public Vocational Schools are exempted from certain requirements as to floor space, type of building, bond requirement, and number of licensed instructors; however, this is the only exemption afforded the Cosmetology Departments of Public Vocational Schools.

Section 5(e) of Article 734b allows schools of beauty culture to charge for work done by students when such students have completed fifty per cent (50%) of the required number of instructional hours set forth in Section 5(b) of Article 734b.

The above quoted provisions of Section 5(a) of Article 734b do not exempt Public Vocational Schools from the restrictions set forth in Section 5(e) of Article 734b, nor does Section 5(e) of Article 734b prohibit Public Vocational Schools from permitting a charge to be made for work done by students who have completed the required percentage of instruction.

We are therefore of the opinion that there is no prohibition against the students in a Cosmetology Department of a Public Vocational School engaging in hair dressing, cosmetology, and manicuring upon the public, and there being a fee or compensation charged for such work by the school as long as the provisions of Section 5(e) of Article 734b are complied with.

## SUMMARY

There is no prohibition against the students in a Cosmetology Department in a Public Vocational School engaging in hair dressing, cosmetology, and manicuring upon the public, and a fee or compensation being charged for such work by the school as long as the provisions of Section 5(e) of Article 734b are complied with.

Yours very truly,

WILL WILSON
Attorney General of Texas

By    Pat Bailey
      Assistant

PB:wb

Mrs. Bess Blackwell, page 3   (WW-1513)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Wilson
Grady Chandler
Pat Bailey
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Leonard Passmore